

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2002

# Conery v. Niccollai

Precedential or Non-Precedential:

Docket No. 01-2870

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Conery v. Niccollai" (2002). *2002 Decisions.* Paper 248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

                UNITED STATES COURT OF APPEALS
                   FOR THE THIRD CIRCUIT


                        No. 01-2870



        WILLIAM J. CONERY; FRANK A. FUSCO; KENNETH BURDGE

                            v.

JOHN NICCOLLAI, JR., individually and in his official capacity as President
   of Local 464A, Food and Commercial Workers Union, AFL-CIO;
RAMON RANDO, individually and in his official capacity as Secretary-Treasurer
of Local 464A; GRIFF MCELROY, individually and in his capacity as Recorder
of Local 464A; GEORGE PLESA, individually and in his official capacity as
Chairman of the Executive Board of Local 464A; FRANK HANLEY, individually
and in his official capacity as Contract Administrator; FRANK DICHRISTINA;
DONALD LIGON; WILLIAM WRIKER, individually and in their official capacities
as Business Agents of Local 464A; UNITED FOOD COMMERCIAL WORKERS
 UNION, AFL-CIO; SHOPRITE SUPERMARKETS, INC.;WALTER BIERNACKI,
individually and in his official capacity as Vice President of Local 464A; WAYNE
WILLIAMS, individually and in his capacity as Director - Pension & Prescription
Benefits of Local 464A; JOHN T. NICCOLAI, SR., individually and in his capacity
as Trustee of the Local 464A Pension Fund; LOCAL 464A, UNITED FOOD AND
   COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; LOCAL 464A
      PENSION FUND ADMINISTRATOR AND BOARD OF TRUSTEES; MARTIN
QUINN, in their capacity as administrators and trustees of the Local 464A Pension Fund;
GILBERT C. VUOLO, in their capacity as administrators and trustees of the
Local 464A Pension Fund; DEWEY CANNELLA, in their capacity as administrators
and trustees of the Local 464A Pension Fund; ISADORE ZALKIN, in their capacity
 as administrators and trustees of the Local 464A Pension Fund

                            v.

 JOHN NICCOLLAI, JR.; RAMON RANDO; GRIFF MCELROY; GEORGE PLESA;
 FRANK HANLEY; FRANK DICHRISTINA; DONALD LIGON; WILLIAM WRIKER;
WAYNE WILLIAMS; JOHN T. NICCOLAI, SR.; MARTIN QUINN; GILBERT C.
    VUOLO; DEWEY CANNELLA; ISADORE ZALKIN; WALTER BIERNACKI,

                     Third Party Plaintiffs

                            v.

HAROLD KRIEGER, The Estate of Harold Krieger; STEPHANIE KRIEGER;
 LOWELL HARDWOOD, as Executors of the Estate of Harold Krieger,

                     Third Party Defendants

                   (D.C. No. 92-cv-00840)

             FRANK A. FUSCO; KENNETH BURDGE

                            v.

JOHN T. NICCOLAI, JR., individually and in his capacity as President of local 464A,

United Food and Commercial Workers International Union, and as Trustee of the Local 464A Pension Fund; RAMON RANDO, individually and in his capacity as Secretary-Treasurer of Local 464A and as Trustee of the Local 464A Pension Fund; GRIFF MCELROY, individaully and in his capacity as Recorder of Local 464A; FRANK HANLEY, individually and in his capacity as Contract Administrator of Local 464A; WAYNE WILLIAMS, individually and in his capacity as Director - Pension & Prescription Benefits of Local 464A; JOHN T. NICCOLAI, SR., individually and in his capacity as Trustee of the Local 464A Pension Fund; LOCAL 464A, UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; LOCAL 464A PENSION FUND ADMINISTRATOR AND BOARD OF TRUSTEES; WALTER BIERNACKI, individually and in his capacity as Vice President of Local 464A and as Trustee of the Local 464A Pension Fund; MARTIN QUINN, in their capacity as administrators and trustees of the Local 464A Pension Fund; GILBERT C. VUOLO, in their capacity as administrators and trustees of the Local 464A Pension Fund; DEWEY CANNELLA, in their capacity as administrators and trustees of the Local 464A Pension Fund; ISADORE ZALKIN, in their capacity as administrators and trustees of the Local 464A Pension Fund

(D.C. No. 92-cv-01458)

William J. Conery,
Appellant

Appeal from the United States District Court
for the District of New Jersey, Newark
(D.C. Civ. Nos. 92-CV-840 & 92-CV-1458)

Before: SCIRICA and COWEN, Circuit Judges,
RESTANI, Judge, United States Court of International Trade

(Filed: April 4, 2002)

OPINION

RESTANI, Judge:
On March 31, 1998, the District Court granted summary judgment for defendants based on the Report and Recommendation ("Report"), dated January 14, 1998, of Magistrate Judge G. Donald Haneke. Previously, on September 26, 1994, the District Court had granted defendants' partial summary judgment as to Conery's malicious prosecution claims.

STATEMENT OF FACTS
This appeal arises out of claims brought by William J. Conery, Kenneth Burdge and Frank Fusco against various officers of Local 464A, United Food and Commercial Workers Union ("Local 464A") for allegedly engaging in a continuous and systematic campaign of harassment to prohibit Conery and other union members from exercising their rights under the Labor Management Reporting and Disclosure Act ("LMRDA") and National Labor Relations Act ("NLRA") in order to suppress dissent within Local 464A.
In 1982, defendant John T. Niccollai, Jr. was appointed to his position as President

of defendant Local 464A as a result of the death of the former president.  Defendant Niccollai was re-elected President in 1983, 1986, 1989, 1992 and 1995.  Conery maintains that various officers of Local 464A organized and executed a campaign of harassment against him in response to Conery's dissident activities in Local 464A, including Conery's decision to run for president in Local 464A's elections in 1989 and 1992.  According to Conery, this harassment included (a) the filing of a civil RICO lawsuit in retaliation for Conery's dissident union activities; (b) the filing of an assault charge in Municipal Court to "convince" him to stop participating in union affairs; and (c) the verbal and physical harassment of Conery dating back to April of 1987 in order to suppress dissent within the union.

DISCUSSION

Conery asserts violations of his rights under Sections 101(a)(1)(2) and (4) of the LMRDA, 29 U.S.C.    411(a)(1)(2) and (4).  Section 101(a)(1) was intended to guarantee union members the right to participate in Union campaigns and elections and to attend membership meetings.  That section provides:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums or a labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

LMRDA   101(a)(1), 29 U.S.C.   411(a)(1).  The United States Supreme Court has held that the provisions of   101(a)(1) are narrow in scope.  Calhoon v. Harvey, 379 U.S. 134, 138-39 (1964).  The Calhoon Court explained that   101(a)(1) is:

> no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote.  And Congress carefully prescribed that even this right against discrimination is "subject to reasonable rules and regulations by the union."

Id.  A cause of action by a union member cannot be sustained under   101(a)(1) without some claim of discrimination and some demonstration that the plaintiff has been denied the right to nominate or vote.  Id.

Section 101 (a) (2) was intended to guarantee union members the right to express their views and opinions regarding union elections and officers.  That section provides in relevant part:

> Every member of any labor organization shall have the rights . . . to express any views, arguments or opinions . . .  Provided, that nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

LMRDA   101(a)(2), 29 U.S.C.   411(a)(2).  Nevertheless, the Supreme Court has held that a violation of free speech rights by itself is insufficient to violate   101(a)(2).  Shee Metal Workers' Int'l Assoc. v. Lynn, 488 U.S. 347, 353 (1989).  The infringement on free speech must be viewed with reference to the basic objective the LMRDA.  Id. That objective is "to ensure that unions [are] democratically governed, and responsive to the will of the union membership as expressed in open periodic elections."  Finnegan v. Leu, 456 U.S. 431, 441 (1982).

As set forth in detail in the Report, Conery participated fully in union elections and spoke his mind.  He ran for office and supported other candidates.  None of the actions of the Local 464A officials interfered with Conery's rights to vote for and nominate candidates, nor did he present evidence establishing interference with the democratic governing of the union.  The Report did not mischaracterize the facts or misinterpret the law and was properly adopted by the District Court.

29 U.S.C.   411(a)(4) forbids union officials from barring its members from instituting legal proceedings. Apparently, Conery's claim under   411(a)(4) relates to attempts to forestall further complaints to the NLRB.  Conery did not discuss   411(a)(4) in his briefs.  To the extend this issue is not waived, Conery did not establish material

facts at issue with regard to claim arising under   411(a)(4).

The District Court also properly granted summary judgment as to the state law claim for malicious prosecution for failure to raise material facts as to a special grievance under New Jersey law.  See Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C., 11 F.3d 385, 392 (3rd Cir. 1993).  We do not consider plaintiff's argument, raised for the first time on appeal, that the special grievance requirement does not apply to a criminal complaint.

The judgment of the District Court will be AFFIRMED.

———

TO THE CLERK:

Please file the foregoing opinion.


/s/ Jane A. Restani
Judge

DATED:  April 4, 200